**BOYDEN GRAY & ASSOCIATES PLLC**
801 17TH STREET, NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

March 21, 2023

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:  Rule 28(j) Response Letter in *Feds for Medical Freedom v. Biden*, No. 22-40043

Mr. Cayce:

    *Payne v. Biden* (Ex.A) did not address *Thunder Basin*'s strong presumption against implied preclusion in a "'situation in which compliance is sufficiently onerous and coercive penalties [are] sufficiently potent that a constitutionally intolerable choice' is presented." F4MF.EB.Br.18 (quoting *Thunder Basin*).[1] This Court has "*already* held that government-imposed vaccine mandates impose just such a constitutionally intolerable choice on employees by 'threaten[ing] to substantially burden the liberty interests of reluctant individual recipients put to a choice between their job(s) and their jab(s),' amounting to 'the loss of constitutional freedoms.'" *Id.* (quoting *BST Holdings*). This ground independently warrants finding jurisdiction.

    On the *Thunder Basin* factors, D.C. Circuit precedent strongly presumes a "special statutory scheme" precludes *all* claims. Ex.A.9, 14; *AFGE v. Trump*, 929 F.3d 748, 755 (D.C. Cir. 2019). By contrast, *Cochran* held there is "district court jurisdiction" whenever administrative proceedings merely "*threaten*[] to deprive [plaintiffs] of the opportunity" to receive judicial review, or where it is "'*possible* that [a plaintiff] could never have that opportunity'" for judicial review. F4MF.EB.Br.40

---

[1] In *Elgin*, DOJ itself acknowledged this point. F4MF.EB.Br.20.

(quoting *Cochran*). *Payne* contended an employee could complain to the Office of Special Counsel (OSC) and then proceed to the Merit Systems Protection Board (MSPB) and the Federal Circuit, Ex.A.4, 13, but during *en banc* oral argument here, DOJ conceded that "OSC is never obligated to then in turn petition the MSPB," Recording.15:28–15:34, and an employee has no ability to do so himself, 5 U.S.C. § 1214(b)(2)(C). This confirms it is at least "possible" an employee would be unable to obtain judicial review via the OSC route, which independently fails for numerous other reasons. F4MF.EB.Br.32–34.

*Payne* further argued that CSRA preclusion applies because "an action [wa]s proposed," Ex.A.11, but DOJ declined to raise that argument in its *en banc* brief here, forfeiting it. Anyway, as Judge Barksdale explained, there has not been a statutorily defined "proposed action." F4MF.EB.Br.31–32.

*Payne* also erroneously held that *Elgin* silently overruled decades of precedent. Ex.A.13. *Elgin* never once addressed a broad, pre-enforcement challenge, let alone one attacking an ongoing and constitutionally intolerable choice. F4MF.EB.Br.26–29.

Respectfully,

/s/ R. Trent McCotter

*Counsel of Record for Plaintiffs-Appellees*

Boyden Gray & Associates PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

cc:   All Counsel