No. 22-40043

_____

## IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

FEDS FOR MEDICAL FREEDOM; LOCAL 918, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; HIGHLAND ENGINEERING, INCORPORATED; RAYMOND A. BEEBE, JR.; JOHN ARMBRUST; et al.,

Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; THE UNITED STATES OF AMERICA; PETE BUTTIGIEG, in his official capacity as Secretary of Transportation; DEPARTMENT OF TRANSPORTATION; JANET YELLEN, in her official as Secretary of Treasury; et al.,

Defendants-Appellants.

_____

On Appeal from the U.S. District Court for the Southern District of Texas, No. 3:21-cv-356, Hon. Jeffrey V. Brown presiding

_____

## PLAINTIFFS-APPELLEES' MOTION FOR ORDER CLARIFYING EFFECT OF SUPREME COURT'S VACATUR OF THIS COURT'S JUDGMENT

_____

R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY PLLC
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com
*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ii

INTRODUCTION ................................................................................... 1

BACKGROUND ...................................................................................... 1

ARGUMENT ........................................................................................... 3

   I.     Judgments and Opinions Are Distinct ........................................ 3

   II.    *Munsingwear* Vacatur Does Not Inherently Deprive a Circuit Court's Opinion of Its *Stare Decisis* Effect ................................. 4

   III.   This Court's Practice Supports Retaining the Precedential Effect of the *En Banc* Opinion in this Case ............................... 13

   IV.   There Was a Live Dispute When This Court Issued Its *En Banc* Opinion ..................................................................................... 17

CONCLUSION ...................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Abbott*, 954 F.3d 772 (5th Cir. 2020) ................................................. 16

*In re Abbott*, 956 F.3d 696 (5th Cir. 2020) ................................................. 16

*Action Alliance of Senior Citizens of Greater Philadelphia v. Sullivan*, 930 F.2d 77 (D.C. Cir. 1991) ............................................ 5, 15

*Allen v. McCurry*, 449 U.S. 90 (1980) ....................................................... 9

*ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) ................................................................ 12

*Bennett v. West Texas State University*, 799 F.2d 155 (5th Cir. 1986) ................................................................. 15

*Biden v. Feds for Med. Freedom*, No. 23-60, 2023 WL 8531839 (U.S. Dec. 11, 2023) ............................ 2, 3

*In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787 (5th Cir. 2021) ................................................................ 10

*Brown v. Bryan Cnty.*, 219 F.3d 450 (5th Cir. 2000) .............................. 14

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984) ........................................................................... 3

*Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826 (S.D. Tex. 2022) ...................................................... 1

*Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) .......... 2, 12

*FTC v. Food Town Stores, Inc.*, 547 F.2d 247 (4th Cir. 1977) .......... 13, 15

*Gahagan v. USCIS*, 911 F.3d 298 (5th Cir. 2018) ................................. 11

*Granville-Smith v. Granville-Smith*, 214 F.2d 820 (3d Cir. 1954) ................................................................. 5

*Hand v. Desantis*, 946 F.3d 1272 (11th Cir. 2020) ........................ 4, 13, 15

*Harris v. Bd. of Governors of Fed. Rsrv. Sys.*,
  938 F.2d 720 (7th Cir. 1991) ................................................................ 6

*Hyosung TNS Inc. v. Int'l Trade Comm'n*,
  926 F.3d 1353 (Fed. Cir. 2019) ............................................................ 7

*Ivy v. Morath*, 580 U.S. 956 (2016) ......................................................... 16

*Ivy v. Williams*, 781 F.3d 250 (5th Cir. 2015) ................................... 16, 17

*Jones v. Michaels Stores, Inc.*, 991 F.3d 614 (5th Cir. 2021) ........... 11, 15

*Mahoney v. Babbitt*, 113 F.3d 219 (D.C. Cir. 1997) ............................... 18

*U.S. ex rel. Morgan v. Wolfe*, 232 F. Supp. 85 (S.D.N.Y. 1964) ............... 6

*N.J. Tpk. Auth. v. Jersey Cent. Power & Light*,
  772 F.2d 25 (3d Cir. 1985) ............................................................. 3, 17

*O'Connor v. Donaldson*, 422 U.S. 563 (1975) ......................................... 14

*Okla. Radio Assocs. v. FDIC*, 3 F.3d 1436 (10th Cir. 1993) ..................... 6

*Oreck Direct, LLC v. Dyson, Inc.*,
  560 F.3d 398 (5th Cir. 2009) .............................................................. 10

*Planned Parenthood Center for Choice v. Abbott*,
  141 S. Ct. 1261 (2021) ........................................................................ 16

*Retail Store Emps. Union, Loc. 1001, Retail Clerks Int'l
  Ass'n, AFL-CIO v. NLRB*,
  1978 WL 4933 (D.C. Cir. Dec. 5, 1978) ....................... 7, 8, 9, 10, 11, 12

*Ridley v. McCall*, 496 F.2d 213 (5th Cir. 1974) ...................................... 15

*In re Smith*, 964 F.2d 636 (7th Cir. 1992) ................................................ 6

*Spell v. Edwards*, 579 F. Supp. 3d 806 (M.D. La. 2022) ......................... 16

*Tex. Workforce Comm'n v. U.S. Dep't of Educ.*,
  973 F.3d 383 (5th Cir. 2020) .............................................................. 17

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,*
 513 U.S. 18 (1994) ........................................................................ 3, 17

*U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666 (5th Cir. 2023) ......... 13, 15

*United States v. Abbott*, 85 F.4th 328 (5th Cir. 2023) ............................ 16

*United States v. Adewani*, 467 F.3d 1340 (D.C. Cir. 2006) ...................... 5

*United States v. Kirk*, 528 F.2d 1057 (5th Cir. 1976) .......................... 5, 15

*United States v. Munsingwear, Inc.*,
 340 U.S. 36 (1950) ...................................... 1, 3, 4, 6, 7, 8, 12, 13, 16, 17

*United States v. Pineda-Ortuno*, 952 F.2d 98 (5th Cir. 1992) ................ 12

*United States v. Shanbaum*, 10 F.3d 305 (5th Cir. 1994) ......................... 9

*Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021) ................................... 16

## Other Authorities

Fifth Circuit L.R. 41.3 ............................................................................ 11

Note, *Federal Courts: Inquiry into the Merits of a Moot
 Dispute*, 66 Colum. L. Rev. 1364 (1966) ................................................ 6

William D. Zeller, *Avoiding Issue Preclusion by Settlement
 Conditioned Upon the Vacatur of Entered Judgments*, 96
 Yale L.J. 860 (1987) ................................................................................ 7

**INTRODUCTION**

In January 2024, the Supreme Court will hand down its judgment in this case, vacating this Court's *en banc* judgment and instructing this Court to direct the District Court to vacate its order granting a preliminary injunction. When jurisdiction returns to this Court, it should clarify that its prior *en banc opinion* in this matter has not been withdrawn and retains its *stare decisis* effect. As explained below, both generally and as specific to *Munsingwear* vacaturs, there is an important difference between this Court's judgment (which the Supreme Court vacated) and this Court's opinion (which the Supreme Court didn't address). Several circuit courts likewise decline to withdraw their prior opinions despite intervening Supreme Court orders to vacate a judgment when the Supreme Court did not address the merits of the case.

**BACKGROUND**

In January 2022, the District Court issued a preliminary injunction against enforcement of Executive Order 14,043, which imposed a COVID-19 vaccine mandate for federal employees. *Feds for Med. Freedom v. Biden*, 581 F. Supp. 3d 826 (S.D. Tex. 2022). A panel of this Court reversed that decision, but this Court vacated that opinion, reheard the

matter *en banc*, and issued a lengthy decision upholding the injunction in March 2023. *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) (*en banc*). Defendants-Appellants ("the government") then rescinded the challenged vaccine mandate in May 2023 and asked the Supreme Court to vacate this Court's judgment and the District Court's order granting a preliminary injunction.

On December 11, 2023, the Supreme Court issued the following order regarding the government's petition for a writ of certiorari:

> The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Fifth Circuit with instructions to direct the District Court to vacate as moot its order granting a preliminary injunction. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). Justice Jackson, dissenting: In my view, the party seeking vacatur has not established equitable entitlement to that remedy. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. —— (2023) (Jackson, J., concurring in the judgment).

*Biden v. Feds for Med. Freedom*, No. 23-60, 2023 WL 8531839, at *1 (U.S. Dec. 11, 2023). The Supreme Court's judgment will be handed down to this Court no less than 32 days after the issuance of that order (i.e., January 12, 2024). *See* Sup. Ct. R. 45.3.

2

## ARGUMENT

The Supreme Court's order has two—and only two—components. It (1) vacates this Court's three-page judgment issued March 23, 2023, *see* Dkt. 307; and (2) orders this Court to direct the District Court to vacate its order granting a preliminary injunction. *Biden*, 2023 WL 8531839, at *1. The Supreme Court did not vacate this Court's *en banc* published opinion issued March 23, 2023, *see* Dkt. 304, and this Court should decline to withdraw it unilaterally, instead making clear that its prior *en banc* opinion retains its *stare decisis* effect.[1]

## I.    Judgments and Opinions Are Distinct.

The Supreme Court has held that "judgments" are "not opinions" and that it reviews only the former, not the latter. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984).[2] Accordingly,

---

[1] *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21–22 (1994) (explaining that "[i]f a judgment has become moot while awaiting review," a court may still issue orders addressing "matters of judicial administration and practice"); *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 34 (3d Cir. 1985) ("While we have lost jurisdiction over the substance of this appeal, we nevertheless retain authority to fashion a decree clarifying the effect of the mootness [under *Munsingwear*].").

[2] Similarly, Federal Rule of Appellate Procedure 36 confirms a judgment is separate from the opinion, *see* Fed. R. App. P. 36, as does the docket in this case, *compare* Dkt. 304, *with* Dkt. 307.

when the Supreme Court does not address the merits of a case and instead vacates only the judgment, it necessarily leaves untouched the lower court's opinion. That is what happened here, where the Supreme Court said nothing about the merits because it concluded the appeal was moot.

If the Supreme Court had intended to vacate this Court's opinion, too, it would have said so. Notably, the government didn't ask the Supreme Court to vacate this Court's opinion, instead asking only for this Court's judgment to be vacated. *See* Pet. for Writ of Certiorari at i, 12, 29, *Feds for Medical Freedom*, No. 23-60 (July 21, 2023).

## II. *Munsingwear* Vacatur Does Not Inherently Deprive a Circuit Court's Opinion of Its *Stare Decisis* Effect.

The inherent differences between judgments and opinions confirm that *Munsingwear* vacatur of a judgment does not necessarily mean the circuit court should also withdraw its opinion or that it loses its precedential effect. *Cf. Hand v. Desantis*, 946 F.3d 1272, 1275 n.5 (11th Cir. 2020) ("*Munsingwear* does not address what a circuit court must do with its own prior stay order when a case has become moot.").

As the D.C. Circuit has long held, "when the Supreme Court vacates a judgment of this court without addressing the merits of a particular

4

holding in the panel opinion, that holding continues to have precedential weight, and in the absence of contrary authority, we do not disturb it." *Action Alliance of Senior Citizens of Greater Philadelphia v. Sullivan,* 930 F.2d 77, 83 (D.C. Cir. 1991) (cleaned up); *see also United States v. Adewani*, 467 F.3d 1340, 1342 (D.C. Cir. 2006). This Court seems to have the same rule. *See United States v. Kirk*, 528 F.2d 1057, 1063–64 (5th Cir. 1976) (holding a prior panel decision that had been vacated on other grounds "is still binding on this panel").

The Third Circuit has further held that a prior circuit court opinion was still binding precedent even when the accompanying judgment had been vacated by the Supreme Court due to mootness. *See Granville-Smith v. Granville-Smith*, 214 F.2d 820, 820 (3d Cir. 1954), *aff'd,* 349 U.S. 1 (1955). On appeal, the Supreme Court seemed completely unbothered that the Third Circuit continued to follow that precedent. *Granville-Smith*, 349 U.S. at 8 ("Though the judgment below was vacated, the Court of Appeals had expressed its views on the constitutionality of [the statute.]").

Other courts have expressed similar views. The Seventh Circuit, for example, has explained that "[w]e vacate unappealable decisions, to

prevent them from having a preclusive effect. We do not vacate opinions, to prevent them from having a precedential effect." *In re Smith*, 964 F.2d 636, 638 (7th Cir. 1992); *see Harris v. Bd. of Governors of Fed. Rsrv. Sys.*, 938 F.2d 720, 723 (7th Cir. 1991) ("[T]he only effect of the vacatur is to deprive those [lower-court] orders of any preclusive effect in subsequent litigation. It does not deprive them of such *stare decisis* effect as they may have[.]"). The Tenth Circuit has held in the context of a settlement that "the rationale of vacatur as explained in *Munsingwear*" is "to protect against future preclusive collateral estoppel effects on the parties to litigation," not to "reach[] out to deprive our opinion of any precedential effect." *Okla. Radio Assocs. v. FDIC*, 3 F.3d 1436, 1437 (10th Cir. 1993). Other courts and scholars have made the same argument. *See, e.g., U.S. ex rel. Morgan v. Wolfe*, 232 F. Supp. 85, 101 (S.D.N.Y. 1964) ("Although such a vacated judgment 'clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance,' *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950), the opinion, nevertheless, still must be given *stare decisis* effect by this court 'since the force of the reasoning remains.'"); Note, *Federal Courts: Inquiry into the Merits of a Moot*

*Dispute*, 66 Colum. L. Rev. 1364, 1368 (1966) (noting that decisions of "courts of appeals have been accorded *stare decisis* value even though the cases were found moot on appeal; this consequence is distinct from the *res judicata* effect of the judgment rendered below"); William D. Zeller, *Avoiding Issue Preclusion by Settlement Conditioned Upon the Vacatur of Entered Judgments*, 96 Yale L.J. 860, 879 n.24 (1987) ("Published opinions remain in the official reporters despite vacatur of the underlying judgments[.]"); *cf. Hyosung TNS Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353, 1359 (Fed. Cir. 2019) (explaining that after a case becomes moot, there remains "the possible *stare decisis* effect of our decision").

D.C. Circuit Chief Judge Robinson explored this issue in depth, explaining that *Munsingwear* itself supports the view that the circuit court should not withdraw its prior opinion nor deprive it of precedential effect. He rejected the argument that a circuit decision "has no precedential value because the Supreme Court vacated the judgment … when it appeared that the case had become moot while pending." *Retail Store Emps. Union, Loc. 1001, Retail Clerks Int'l Ass'n, AFL-CIO v. NLRB*, 1978 WL 4933, at *7–9 (D.C. Cir. Dec. 5, 1978) (Robinson, J.,

dissenting). A contrary view "confuses vacatur of a judgment and vacatur of an opinion, two functionally distinct procedures." *Id.*

He explained that "[t]he practice of honoring an opinion despite vacatur of the accompanying judgment finds support in the Supreme Court's decision in *United States v. Munsingwear, Inc.*" *Id.* In *Munsingwear*, the Supreme Court concluded that the equities in that case did not warrant granting vacatur of any kind, but the Court noted that there could be cases where "the rigors of *res judicata* must be alleviated" by vacating "the judgment in the first suit," which would otherwise "be binding in the subsequent ones." *Munsingwear*, 340 U.S. at 39. *Munsingwear* stated that "the rights of all parties are preserved" simply by "revers[ing] or vacat[ing] the judgment below and remand[ing] with a direction to dismiss." *Id.* at 39–40. All told, *Munsingwear* mentioned "*res judicata*" and vacating a "judgment" a combined fifteen times. It nowhere mentioned vacating or withdrawing an "opinion" or removing its precedential effect.

As Chief Judge Robinson explained, *Munsingwear*'s intense focus on the judgment and *res judicata* supports the view that a circuit court should still retain its prior opinion as precedential. "While *Munsingwear*

did not discuss the *stare decisis* status of the court of appeals' unreviewed opinion following mootness of the litigation, it readily buttresses the proposition that, absent reversal, the precedential value of an opinion is eliminated only if it is expressly vacated or withdrawn. *Vacatur of an opinion, therefore, is not to be inferred from the vacatur of the concomitant judgment.*" *Retail Store*, 1978 WL 4933, at *7–9 (Robinson, J., dissenting) (emphasis added).

Again, as noted above, there is a meaningful distinction between judgments and opinions. "By the rule of *res judicata,* a judgment binds parties and their privies to the adjudicative resolution of their controversy," and thus "once they are determined, must be taken as conclusively established, so long as the judgment in the first suit remains unmodified." *Id.* (cleaned up).

"Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). *Res judicata* "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

"*Res judicata* prevents a later suit, such as this one, from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). In other words, a judgment remains binding forever and has *res judicata* effect, unless it is modified or vacated.

"Contrastingly, an opinion is binding, through the doctrines of interpanel accord and *stare decisis*, only on the court rendering it and courts of subordinate jurisdiction." *Retail Store*, 1978 WL 4933, at *7–9 (Robinson, J. dissenting). It does not bind in the way that a judgment does, and the issuing Court can itself overturn the opinion in an appropriate case. "The premise underlying the doctrines of *stare decisis* and interpanel accord is that once a court critically examines a legal issue and through force of reason deduces the applicable legal principle, that principle becomes the precedent for future cases that are factually indistinguishable. In this way, the *ratio decidendi* of the decision acquires a vitality independent of the legal controversy in which it germinated." *Id.*

This view is further strengthened by this Court's "strict and rigidly applied" prior-panel rule. *In re Bonvillian Marine Serv., Inc.*, 19 F.4th

787, 792 (5th Cir. 2021). To overcome that rule, "the [Supreme Court] decision must unequivocally overrule prior precedent." *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018); *see Jones v. Michaels Stores, Inc.*, 991 F.3d 614, 616 (5th Cir. 2021) ("[U]nder the rule of orderliness, only an 'unequivocal' change in law from the Supreme Court can override one of our precedents"). Because the Supreme Court's decision here never touched on the merits of this Court's *en banc* decision—and could not have done so after determining the appeal was moot—it should still stand as precedent.

"Further support for the proposition that vacatur of the judgment does not automatically vacate the accompanying opinion is to be found in this court's usual practice of explicitly vacating the panel opinion prior to rehearing of a case *en banc*." *Retail Store*, 1978 WL 4933, at *7–9 (Robinson, J. dissenting); *see* Fifth Cir. L.R. 41.3 (noting that a grant of *en banc* vacates both the "opinion" and the "judgment"). Such vacatur "is obviously necessary to dissolve the precedent established by the earlier panel opinion," but "when a case becomes moot while on appeal, we vacate only the judgment in the case," and likewise "when a case becomes moot while a petition for certiorari is pending before the Supreme Court,

only the judgment is vacated." *Retail Store*, 1978 WL 4933, at *7–9 (Robinson, J. dissenting); *see United States v. Pineda-Ortuno*, 952 F.2d 98, 102 (5th Cir. 1992) (holding that when the Fifth Circuit votes to rehear a case *en banc*, the panel's opinion itself is expressly "vacated and of no precedential value"); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (same).

In sum, because *Munsingwear* is concerned with *res judicata* and held that vacating the judgment would "preserve[]" "the rights of all parties" by removing those *res judicata* effects, 340 U.S. at 39, there is no need for a circuit court also to vacate its own prior opinion or remove its precedential effect.

This conclusion is even clearer in the context of preliminary rulings like the one in this case. "We hasten to emphasize that this case only involves a *preliminary* injunction. The preliminary injunction's purpose is to maintain the status quo until the parties have the chance to adjudicate the merits." *Feds for Med. Freedom v. Biden*, 63 F.4th 366, 389 (5th Cir. 2023). As noted, the primary "consideration for invocation of the *Munsingwear* doctrine is the *res judicata* effect of the order in question," and thus this Court's prior judgment on the preliminary injunction—

which binds the parties themselves—must be vacated to ensure the defendant is no longer bound to comply. *FTC v. Food Town Stores, Inc.*, 547 F.2d 247, 249 (4th Cir. 1977). But the accompanying circuit court *opinion* in a preliminary case "is not a final adjudication of the merits of the appeal," and "therefore has no *res judicata* effect and the rationale of the *Munsingwear* doctrine thus is inapplicable." *Id.*; *see also Hand*, 946 F.3d at 1275 n.5 (explaining that "*Munsingwear* does not address what a circuit court must do with its own prior stay order when a case has become moot" and adopting the reasoning in *Food Town Stores*, 547 F.2d at 249).

This Court has held similarly when reviewing preliminary relief that had become moot on appeal. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) ("[V]acatur of a prior stay-panel opinion once a case becomes moot on appeal is inappropriate under *Munsingwear* because that stay-panel opinion cannot spawn binding legal consequences regarding the merits of the case.") (cleaned up).

## III.  This Court's Practice Supports Retaining the Precedential Effect of the *En Banc* Opinion in this Case.

Although language in some cases suggests that vacatur by the Supreme Court robs the underlying circuit court opinion of its

precedential effect, *see, e.g., O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975), that language typically appears in cases where the Supreme Court addressed the merits of the case in some way, which is materially different than what occurred here. When the Supreme Court disagrees with the reasoning in the underlying opinion, that naturally "leav[es] th[e] [Supreme] Court's opinion and judgment as the sole law of the case" on that issue because the Supreme Court's decision trumps the contrary lower-court decision. *Id.* at 577 n.12. This is also true when the case was not moot but instead was vacated for reconsideration "in light of" intervening case law for the circuit court to view the merits afresh. *Id.* at 577. In those scenarios, it would be fair to conclude the Supreme Court's actions regarding the merits at least implicitly deprived the circuit court's opinion of precedential effect.

This Court has invoked that distinction when the Supreme Court actually *reversed* and vacated this Court. *See, e.g., Brown v. Bryan Cnty.*, 219 F.3d 450, 453 n.1 (5th Cir. 2000). That matches the D.C. Circuit caselaw above, which holds that the Supreme Court's vacatur of a circuit court judgment does not rob the circuit court opinion of precedential

14

effect *"in the absence of contrary authority." Action Alliance,* 930 F.2d at 83 (emphasis added).

To be sure, in *Ridley v. McCall*, 496 F.2d 213, 214 (5th Cir. 1974), this Court noted that a prior circuit court opinion "ha[d] no precedential value" after the case was deemed moot, and it said the same in *Bennett v. West Texas State University*, 799 F.2d 155, 159 n.3 (5th Cir. 1986), but the reasoning in those cases was so abbreviated that it's difficult to determine the Court's rationale and thus the scope of its holding. Neither opinion addressed any of the arguments Plaintiffs-Appellees raise above. And a broad reading of *Ridley* and *Bennett* is difficult to square with this Court's decision in *Kirk*, which held that a prior panel decision that had been vacated on other grounds "is still binding on this panel," 528 F.2d at 1063–64, and also with this Court's longstanding rule that its decisions remain binding absent "unequivocal" overruling by the Supreme Court, *Jones*, 991 F.3d at 616.

In any event, *Ridley* and *Bennett* did not arise in the posture of a preliminary ruling, and thus would not apply here anyway, as explained above. *See, e.g., U.S. Navy SEALs 1-26*, 72 F.4th at 675 n.9; *Hand*, 946 F.3d at 1275 n.5; *Food Town Stores,* 547 F.2d at 249.

15

Further, this Court's recent practice aligns with Plaintiffs-Appellees' view. When the Supreme Court granted *Munsingwear* vacatur of this Court's judgment in *Planned Parenthood Center for Choice v. Abbott*, 141 S. Ct. 1261 (2021), this Court did not vacate its prior opinions upon remand, *see* Order, *In re Abbott*, No. 20-50264 (5th Cir. Mar. 3, 2021); Order, *In re Abbott*, No. 20-50296 (5th Cir. Mar. 3, 2021). That case, like this one, involved preliminary relief. *See In re Abbott*, 956 F.3d 696 (5th Cir. 2020); *In re Abbott*, 954 F.3d 772 (5th Cir. 2020). Moreover, this Court and a District Court later cited those opinions as if they remained precedential. *See United States v. Abbott*, 85 F.4th 328, 338 (5th Cir. 2023) (citing *Abbott*, 956 F.3d 696); *Valentine v. Collier*, 993 F.3d 270, 280 n.9 (5th Cir. 2021) (same); *Spell v. Edwards*, 579 F. Supp. 3d 806, 824 (M.D. La. 2022) (citing *Abbott*, 954 F.3d 772, as "Fifth Circuit precedent").

The same happened after the Supreme Court vacated this Court's judgment in *Ivy v. Williams*, 781 F.3d 250 (5th Cir. 2015). *See Ivy v. Morath*, 580 U.S. 956 (2016). On remand, this Court did not withdraw its opinion, *see* Order, *Ivy*, No. 14-50037 (5th Cir. Jan. 18, 2017), and a subsequent panel relied on *Ivy* despite the dissenting judge's view that

the vacatur of the judgment in *Ivy* meant the opinion was "no longer precedential," *Tex. Workforce Comm'n v. U.S. Dep't of Educ.*, 973 F.3d 383, 394 n.2 (5th Cir. 2020) (Clement, J., dissenting).

Further, to the extent there is any inconsistency in this Court's practice in this area, the Court is already sitting *en banc* for this case and can provide the necessary clarity now for future panels and District Courts on the precedential effect of this Court's opinions after the Supreme Court vacates this Court's judgment. *See Bancorp*, 513 U.S. at 21–22 (courts may still issue orders in moot cases addressing "matters of judicial administration and practice"); *N.J. Tpk. Auth.*, 772 F.2d at 34 (courts "nevertheless retain authority to fashion a decree clarifying the effect of the mootness [under *Munsingwear*]").

## IV. There Was a Live Dispute When This Court Issued Its *En Banc* Opinion.

The *en banc* Court's opinion in this case was not an advisory opinion. There was undoubtedly a live dispute when that decision was issued. Even under the government's telling, the appeal did not become moot until nearly seven weeks later. *See* Pet. for Writ of Certiorari 11, 13, *Feds for Medical Freedom*, No. 23-60 (July 21, 2023). "So long as the court believed that it was deciding a live controversy, its opinion was

forged and tested in the same crucible as all opinions." *Mahoney v. Babbitt*, 113 F.3d 219, 222 (D.C. Cir. 1997) (cleaned up). Accordingly, this is not a scenario where a court might consider withdrawing an opinion that was issued when the case had *already* become moot at the time of issuance.

## CONCLUSION

When jurisdiction returns to this Court sitting *en banc*, it should clarify that its prior *en banc* opinion in this matter has not been vacated or withdrawn and retains its *stare decisis* effect. If the Court desires oral argument on this matter, Plaintiffs-Appellees stand ready and would respectfully propose ten minutes per side. The matter could be heard during the Court's upcoming January 2024 *en banc* session.

December 15, 2023                    Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 3721 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

/s/ R. Trent McCotter

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 27.4, I contacted Defendants-Appellants' counsel for their position on this motion, and they stated: "you can represent that the government opposes it as unnecessary because the Supreme Court's order makes clear that the Fifth Circuit's judgment has been vacated and that its opinion therefore has no precedential force. *See, e.g.*, *Bennett v. West Texas State University*, 799 F.2d 155, 159 n.2 (5th Cir. 1986). Under the mandate rule, we do not believe the Fifth Circuit has authority to do anything other than follow the Supreme Court's directive to order the district court to vacate the preliminary injunction. For the same reasons, we also oppose your request for the Court to hold oral argument in this moot appeal. And we reserve the right to file a response to your motion after we see what you say."

/s/ R. Trent McCotter

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

/s/ R. Trent McCotter