No. 22-40043

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

FEDS FOR MEDICAL FREEDOM; LOCAL 918, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; HIGHLAND ENGINEERING, INCORPORATED; RAYMOND A. BEEBE, JR.; JOHN ARMBRUST; et al.,

Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; THE UNITED STATES OF AMERICA; PETE BUTTIGIEG, in his official capacity as Secretary of Transportation; DEPARTMENT OF TRANSPORTATION; JANET YELLEN, in her official capacity as Secretary of Treasury; et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Southern District of Texas

## OPPOSITION TO PLAINTIFFS' MOTION TO CLARIFY

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

ALAMDAR S. HAMDANI
  *United States Attorney*

SARAH E. HARRINGTON
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
SARAH CARROLL
CASEN B. ROSS
DANIEL WINIK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8849*

Plaintiffs' motion to "clarify" that this Court's en banc opinion "retains its *stare decisis* effect" (Mot. 1) should be denied. This Court and the Supreme Court have long held that when a judgment is vacated under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), the opinion issued in support of that judgment no longer has precedential force. Plaintiffs invite this Court not to "clarify" but to defy that well-established effect of the Supreme Court's ruling. And because the Supreme Court remanded only for this Court to execute the required vacatur of the preliminary injunction on mootness grounds, the Court cannot properly do more than that.

1.  In March 2023, this Court issued an en banc opinion affirming a nationwide injunction against the enforcement of an executive order requiring federal employees to be vaccinated against COVID-19. After the rescission of the executive order mooted the appeal, and thus deprived the government of the opportunity to obtain Supreme Court review of this Court's ruling, the government asked the Supreme Court to "vacate [this Court's] decision" under *Munsingwear*. Pet. 26, *Biden v. Feds for Med. Freedom*, No. 23-60 (U.S. July 21, 2023). *Munsingwear* recognizes that the Supreme Court's "established practice," in civil cases that "become moot" pending Supreme Court review, "is to reverse or vacate the judgment below and remand with a direction to dismiss." 340 U.S. at 39.

The petition explained (at 28) that "neither justice nor the public interest would be served by forcing the Executive Branch to choose between maintaining a policy that

it has concluded is no longer warranted and acquiescing in a precedential judicial decision that the Executive Branch believes would be contrary to its prerogatives and harmful to the public interest as a whole." Plaintiffs vigorously opposed the government's request, including on the theory that it was "important that [this Court's] decision remain on the books as a warning to the future." Br. in Opp. 36, *Biden v. Feds for Med. Freedom*, No. 23-60 (U.S. Aug. 23, 2023). Plaintiffs urged the Supreme Court not to "erase" the government's "unreviewed loss" in this Court "from the books." *Id.* at 39-40. The briefing thus could not have made clearer what both sides understood the stakes to be: If the Supreme Court granted the government's proposed relief, this Court's decision would no longer have precedential effect. Over plaintiffs' objection, the Supreme Court granted the relief the government had requested. *Biden v. Feds for Med. Freedom*, 2023 WL 8531839 (U.S. Dec. 11, 2023); *see* Pet. 29 (proposed relief).

2. Having told the Supreme Court that granting the government's request would have the effect of "eras[ing]" this Court's opinion "from the books" (Br. in Opp. 39-40), plaintiffs seem to have changed their minds since the Supreme Court ruled against them: They now characterize that ruling as having no effect on the opinion's precedential character. Plaintiffs were right the first time—and clearly so, under precedents of both this Court and the Supreme Court.

a. The Supreme Court has stated unequivocally that, "[o]f necessity," a "decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect." *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975). Plaintiffs

attempt to distinguish that language as inapplicable to *Munsingwear* vacatur, but they fail to mention that the Supreme Court cited *Munsingwear*—and no other case—for its characterization of the effect of vacatur. *Id.* (citing *Munsingwear*, 340 U.S. 36). Nor do they mention *Los Angeles County v. Davis*, 440 U.S. 625 (1979), which makes the same point without any possible ambiguity: In that case, the Supreme Court vacated the court of appeals' "judgment" under *Munsingwear*, *id.* at 634, then repeated *O'Connor*'s statement that the vacatur "'deprive[d]'" the court of appeals' "'opinion of precedential effect,'" *id.* at 634 n.6. *O'Connor* and *Davis* alone are fatal to plaintiffs' position.

The Supreme Court's statements in *O'Connor* and *Davis* are bolstered by the Court's ruling in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), "that mootness by reason of settlement does not justify vacatur of a judgment under review," *id.* at 29. In reaching that unanimous conclusion, the Court made clear its understanding that the vacatur of a judgment deprives the supporting opinion of precedential effect. For example, the Court identified the "public interest" in maintaining "'[j]udicial precedents,'" which "'are presumptively correct and valuable to the legal community,'" as an "equitable" consideration weighing against vacatur. *Id.* at 26-27. The Court also referred to vacating "cases" and "'decision[s],'" *id.* at 27, without distinguishing them from "judgments," and opined that the excessive use of vacatur would undermine "the benefits that flow to litigants and the public from the resolution of

legal questions," *id.* None of that analysis would have made sense had the Court subscribed to plaintiffs' view that the vacatur of a judgment does not disturb the precedential force of the supporting opinion.

The Supreme Court's recent decision in *Acheson Hotels, LLC v. Laufer*, 2023 WL 8378965 (U.S. Dec. 5, 2023), is similarly instructive. There, the Court vacated the court of appeals' judgment under *Munsingwear* upon concluding that the case had become moot. *Id.* at *2. In an opinion concurring in the judgment, Justice Jackson objected to the routine use of *Munsingwear* vacatur in moot cases, principally because of what she regards as the impropriety "of uprooting presumptively valid legal precedents" because the case in which they were issued becomes moot. *Id.* at *10. Justice Jackson's opinion makes clear that, like the unanimous Court in *Bancorp*, she understands the vacatur of a judgment under *Munsingwear* to "uproot[]" the "precedent[ial]" character of the opinion supporting the judgment; indeed, like the Court in *Bancorp*, she uses the terms "opinion" and "judgment" interchangeably. *See id.* ("[I]n the absence of any demonstrated harm-related justification for vacating a lower court's opinion, we should conclude that '[t]he "public interest" … is generally better served by leaving appellate judgments intact.'" (quoting *Alvarez v. Smith*, 558 U.S. 87, 98 (Stevens, J., concurring in part and dissenting in part))). If the seven-Justice majority in *Acheson Hotels* disagreed with that characterization, it would presumably have said so. Yet the majority responded not by questioning Justice Jackson's understanding of *Munsingwear* vacatur but simply by stating that the Court's "*Munsingwear* practice is well settled." *Id.* at *2.

- 4 -

b.  This Court's precedents are equally fatal to plaintiffs' theory. Like the Supreme Court, this Court has repeatedly and unequivocally stated that the vacatur of a judgment under *Munsingwear* deprives the opinion supporting that judgment of precedential effect. The most thorough discussion is in *Ridley v. McCall*, 496 F.2d 213 (5th Cir. 1974) (per curiam). There, the district court had regarded its ruling as "compelled by" a prior en banc decision of this Court, *id.* at 214 (citing *Scarpa v. U.S. Bd. of Parole*, 477 F.2d 278 (5th Cir. 1973) (en banc)), but the Supreme Court had summarily vacated this Court's "[j]udgment" in that case and remanded for this Court to consider whether that case was moot, *Scarpa v. U.S. Bd. of Parole*, 414 U.S. 809 (1973). On remand, this Court—without saying anything about the prior en banc opinion—agreed that the case had become moot, vacated the district court's ruling, and remanded for the district court to dismiss the case. *Scarpa v. U.S. Bd. of Parole*, 501 F.2d 992 (5th Cir. 1973) (en banc). As a result of those developments, the Court explained in *Ridley*, the en banc opinion in *Scarpa* "has no precedential value." 496 F.2d at 214; *see also Cruz v. Skelton*, 543 F.2d 86, 88-89 (5th Cir. 1976) (observing that "*Scarpa* was stripped of value as a precedent by its dismissal for mootness, which consigned it to limbo along with" two out-of-Circuit decisions that had similarly been vacated on mootness grounds (footnote omitted)).

This Court made the same point in *Bennett v. West Texas State University*, 799 F.2d 155 (5th Cir. 1986). The plaintiffs there invoked *Iron Arrow Honor Society v. Heckler*, 702 F.2d 549 (5th Cir. 1983), in which the Supreme Court had later vacated "the judgment"

- 5 -

under *Munsingwear*, *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72-73 (1983) (per curiam). This Court explained in *Bennett*, citing *Munsingwear*, that "the decision by the Supreme Court to vacate *Iron Arrow* eliminates any precedential value it might have." 799 F.2d at 159 n.3.

Although plaintiffs claim (Mot. 15) that it is "difficult to determine the … rationale and thus the scope" of the "holding[s]" in *Ridley* and *Bennett*, there is nothing remotely unclear about them. In both cases, the Court squarely confronted the question whether the vacatur of a prior judgment on mootness grounds deprived an opinion supporting that judgment of precedential effect. And in both cases, it answered yes. This is simply not an open question, as a matter of this Court's precedent or the Supreme Court's.

3.　　Plaintiffs' contrary arguments are unpersuasive.

*First*, plaintiffs contend (Mot. 4) that "[i]f the Supreme Court had intended to vacate this Court's opinion," as opposed to only this Court's "judgment," "it would have said so." But as plaintiffs correctly note on the prior page, the Supreme Court "reviews judgments, not opinions." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). That is why the action it took here was to vacate this Court's "judgment." 2023 WL 8531839, at *1. In each of the cases discussed above, where this Court and the Supreme Court have treated a *Munsingwear* vacatur as depriving the court of appeals' opinion of precedential force, the Supreme Court's vacatur order used the

- 6 -

same phrasing. *See Iron Arrow*, 464 U.S. at 73 ("vacate the judgment"); *Davis*, 440 U.S. at 634 (same); *Scarpa*, 414 U.S. at 809 ("[j]udgment vacated").

*Second*, plaintiffs cite various cases (Mot. 4-5), including this Court's decision in *United States v. Kirk*, 528 F.2d 1057 (5th Cir. 1976), for the proposition that where the Supreme Court reviews a court of appeals decision, that decision may later be treated as binding as to issues the Supreme Court did not address. In *Kirk*, for example, this Court treated its prior opinion in *United States v. Rogers*, 488 F.2d 512 (5th Cir. 1974) (per curiam), as binding regarding the showing of intent required to prove a criminal charge, when the Supreme Court found "it unnecessary to reach that" issue in reversing the judgment on other grounds, *Rogers v. United States*, 422 U.S. 35, 36 (1975). But those cases differ from this one, because it is possible to discern from the Supreme Court's reasoning the parts of the court of appeals' opinion that the Supreme Court saw fit to disturb. When the Supreme Court vacates a court of appeals' judgment under *Munsingwear*, by contrast, it does so because the mootness of the appeal has precluded Supreme Court review of *any* of the court of appeals' holdings. The vacatur thus categorically deprives the court of appeals' opinion of precedential effect—as, again, both the Supreme Court and this Court have repeatedly held. This Court explained *Kirk*'s consistency with *Ridley* in *Central Pines Land Co. v. United States*, 274 F.3d 881, 893 n.57 (5th Cir. 2001).

*Third*, plaintiffs invoke (Mot. 10-11) the rule that panels of this Court "'abide by a prior … decision'" of this Court "'until the decision is overruled, expressly or implicitly,'" by the Supreme Court or the en banc court. *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018). But that is simply a "rule of orderliness," *id.*, establishing that only the en banc Court or the Supreme Court—and not a three-judge panel—are free to conclude that circuit precedents should no longer be binding. Here, the Supreme Court *has* concluded that this Court's precedent should no longer be binding; that is what follows from *Munsingwear* vacatur, as this Court and the Supreme Court have long held.

*Fourth*, plaintiffs note (Mot. 4, 13) that some courts, including this one, have declined to vacate their prior opinions on motions to stay an injunction pending appeal when the appeal from the injunction ultimately becomes moot. But that is simply because they have concluded that the equities did not warrant vacatur of a stay opinion in a given case. *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 675 (5th Cir. 2023) (finding no showing "that the public interest would be served by vacatur"); *cf. id.* at 676 (Graves, J., concurring in part and dissenting in part) (disagreeing with that case-specific appraisal of the equities). The equitable question whether vacatur is warranted is not presented here, because the Supreme Court has already resolved that question in favor of vacatur. Moreover, although plaintiffs cite the Eleventh Circuit's decision not to vacate a prior stay ruling in *Hand v. DeSantis*, 946 F.3d 1272, 1275 n.5 (11th Cir. 2020), they fail to mention the Eleventh Circuit's subsequent recognition that the otherwise-"precedential" character of a particular stay ruling could be a reason to vacate it, *Democratic Exec.*

*Comm. of Fla. v. National Republican Senatorial Comm.*, 950 F.3d 790, 795 n.2 (11th Cir. 2020) (per curiam). That observation would have made no sense unless the Eleventh Circuit believed that vacatur has the effect of depriving a decision of precedential force.

*Fifth*, plaintiffs suggest (Mot. 12-13) that *Munsingwear* vacatur is not warranted for rulings on a preliminary injunction because such rulings lack res judicata effect. But again, that argument bears on the equitable question whether vacatur is warranted—which is not at issue here, because the Supreme Court resolved it in favor of vacatur even after plaintiffs made the same argument about the preliminary-injunction posture (Br. in Opp. 38-39). To the extent the preliminary-injunction posture has any relevance to the question actually before the Court, it weighs *against* plaintiffs, because it makes clear that the Supreme Court's decision to grant vacatur was *not* meant solely to prevent this Court's judgment from having res judicata effect.

*Sixth*, plaintiffs suggest (Mot. 16-17) that "this Court's recent practice" has departed from its precedent recognizing that *Munsingwear* vacatur of a judgment deprives the supporting opinion of precedential force. That is incorrect.

As an initial matter, it is irrelevant that post-remand orders issued by the panels in *In re Abbott*, 956 F.3d 696 (5th Cir. 2020), *In re Abbott*, 954 F.3d 772 (5th Cir. 2020), and *Ivy v. Williams*, 781 F.3d 250 (5th Cir. 2015), did not expressly address the effect of the Supreme Court's *Munsingwear* vacatur orders on the precedential status of this Court's opinions in those cases. That was unnecessary for the same reason it is unnecessary to "clarify" the effect of the Supreme Court's ruling here: Precedent makes clear

that the *Munsingwear* vacatur of a judgment deprives a supporting opinion of precedential effect.

Indeed, it would have been improper for the Court to opine in *In re Abbott* and *Ivy* about the effects of the Supreme Court's vacatur in those cases, just as it would be improper for the Court to do so here. To the extent there is any serious dispute about the effect of the Supreme Court's vacatur in this case, it can be resolved in future cases that concretely present the issues addressed in this Court's opinion, just as occurred for *Scarpa* (in *Ridley* and *Cruz*) and for *Iron Arrow* (in *Bennett*). Here, however, the Court's role is quite limited: "When a case is remanded from the Supreme Court with specific instructions, this [C]ourt must confine its review to the limitations established by the Supreme Court's remand order." *United States v. Duarte-Juarez*, 441 F.3d 336, 340 (5th Cir. 2006) (per curiam). In *In re Abbott* and *Ivy* as well as this case, the Supreme Court has remanded solely for the purpose of carrying out the required dismissal on mootness grounds. *See Feds for Med. Freedom*, 2023 WL 8531839, at *1 ("direct the District Court to vacate as moot"); *Planned Parenthood Ctr. for Choice v. Abbott*, 141 S. Ct. 1261 (2021) ("dismiss the case as moot"); *Ivy v. Morath*, 580 U.S. 956 (2016) ("dismiss as moot"). The Court lacks the power to do more.

Nor is it illuminating that the Court has cited the *Ivy* opinion and one of the *In re Abbott* opinions in some later cases. No one doubts that an opinion in support of a vacated judgment can be cited or that it can provide valuable guidance to the extent later panels find it persuasive. But even judges and Justices who have sometimes used

the word "precedential" to refer to such opinions have acknowledged that their force is only persuasive and not binding. *See, e.g.*, *Davis*, 440 U.S. at 646 n.10 (Powell, J., dissenting) ("Although a decision vacating a judgment necessarily prevents the opinion of the lower court from being the law of the case, the expressions of the court below on the merits, if not reversed, will continue to have precedential weight and, until contrary authority is decided, are likely to be viewed as persuasive authority if not the governing law of the Ninth Circuit." (citations omitted)). Neither of this Court's subsequent citations of *In re Abbott* suggests that the panel wanted to depart from *In re Abbott*'s holding but felt unable to do so. *See United States v. Abbott*, 85 F.4th 328, 337-338 (5th Cir. 2023) (discussing *In re Abbott* as consistent with "multiple" other holdings); *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021) (citing *In re Abbott* for an uncontroversial proposition). Nor is that true of the Court's single subsequent citation of the *Ivy* opinion, in *Texas Workforce Commission v. U.S. Department of Education*, 973 F.3d 383 (5th Cir. 2020), which relied on that opinion solely as "informative," and solely for the proposition that it presented a "reasonable … interpretation[]" of a statutory provision that "contrast[ed]" with other interpretations, thus supporting the conclusion that the provision was "ambiguous." *Id.* at 388. Moreover, the majority in *Texas Workforce Commission* did not say that it disagreed with the dissent's observation that the *Ivy* opinion was "no longer precedential," *id.* at 394 n.2 (Clement, J., dissenting)—an observation particularly compelling because it came from the author of the *Ivy* opinion.

*Finally*, plaintiffs cite various out-of-Circuit opinions that stand, they say, for the proposition that the *Munsingwear* vacatur of a judgment does not deprive the supporting opinion of precedential effect. As an initial matter, those opinions are irrelevant because this Court's precedent is clear. But the opinions also lend little persuasive support to plaintiffs' position. The Third Circuit's decision in *Granville-Smith v. Granville-Smith*, 214 F.2d 820 (3d Cir. 1954) (per curiam), *aff'd*, 349 U.S. 1 (1955), came just four years after *Munsingwear* itself and long before the Supreme Court clarified the effect of *Munsingwear* vacatur in *O'Connor* and *Davis*. The Seventh Circuit's decisions in *In re Smith*, 964 F.2d 636 (7th Cir. 1992), and *Harris v. Board of Governors of the Federal Reserve System*, 938 F.2d 720 (7th Cir. 1991), addressed the vacatur of district-court orders, which lack precedential effect to begin with. 964 F.2d at 638; 938 F.2d at 723. In a prior case, the Seventh Circuit understood the effect of the Supreme Court's vacatur in *Scarpa* exactly as this Court did. *See Garafola v. Benson*, 505 F.2d 1212, 1215 n.4 (7th Cir. 1974) ("Of course, *Scarpa*'s subsequent history makes the case of no precedential value."). The Tenth Circuit's decision in *Oklahoma Radio Associates v. FDIC*, 3 F.3d 1436 (10th Cir. 1993), addressed whether that court should vacate its own opinion in a case that had become moot because of settlement—a scenario that, as the Supreme Court held a year later in *Bonner Mall*, does not implicate the concerns animating *Munsingwear* at all. The Federal Circuit's decision in *Hyosung TNS Inc. v. International Trade Commission*, 926 F.3d 1353 (Fed. Cir. 2019), said only that an appeal could not be saved from mootness by

the "*possible* stare decisis effect of" an opinion the court might issue. *Id.* at 1359 (emphasis added). And the district-court opinion in *United States ex rel. Morgan v. Wolfe*, 232 F. Supp. 85 (S.D.N.Y. 1964), addressed the distinct question whether a court should follow a vacated decision of a *higher* court where the reasoning of the decision has not been disturbed. *Id.* at 101.

That leaves Judge Robinson's dissent from the D.C. Circuit's opinion in *Retail Store Employees Union v. NLRB*, 1978 WL 4933 (D.C. Cir. Dec. 5, 1978). The extent of plaintiffs' reliance on that solo dissent from an unpublished opinion is remarkable in several respects. One is that the opinion was itself superseded by the D.C. Circuit's grant of rehearing en banc, and the en banc opinion—per Judge Robinson himself—takes no position as to whether the vacatur of the prior judgment "robbed the accompanying opinion of the precedential force it otherwise would have commanded." *Retail Store Emps. Union v. NLRB*, 627 F.2d 1133, 1142 n.62 (D.C. Cir. 1979), *rev'd*, 447 U.S. 607 (1980). Another is that the opinion never cited the Supreme Court's decision in *O'Connor* and predated the Supreme Court's decision in *Davis*. And another—perhaps most relevant here—is that the opinion expressly noted that *this Court had taken a different view* of the issue. *See* 1978 WL 4933, at *8 & n.15 ("Only the Fifth Circuit has declared that vacatur of its judgment for mootness implicitly deprives the attendant opinion of precedential effect." (citing *Ridley* and *Cruz*)).

- 13 -

## CONCLUSION

The motion to clarify should be denied because the Supreme Court's vacatur order clearly has the effect of depriving this Court's en banc opinion of precedential force, and because this Court lacks power to do more than carry out the Supreme Court's mandate. Because this Court's prior decisions dictate the proper resolution of the motion, the government does not believe oral argument is necessary, but the government would of course be pleased to present oral argument if it would assist the Court.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

ALAMDAR S. HAMDANI
  *United States Attorney*

SARAH E. HARRINGTON
  *Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
SARAH CARROLL
CASEN B. ROSS

  */s/ Daniel Winik*
DANIEL WINIK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8849*
  *Daniel.L.Winik@usdoj.gov*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this opposition complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,622 words, according to Microsoft Word.

/s/ *Daniel Winik*
Daniel Winik