No. 22-40043

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

FEDS FOR MEDICAL FREEDOM; LOCAL 918, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES; HIGHLAND ENGINEERING, INCORPORATED; RAYMOND A. BEEBE, JR.; JOHN ARMBRUST; et al.,

*Plaintiffs-Appellees,*

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States; THE UNITED STATES OF AMERICA; PETE BUTTIGIEG, in his official capacity as Secretary of Transportation; DEPARTMENT OF TRANSPORTATION; JANET YELLEN, in her official as Secretary of Treasury; et al.,

*Defendants-Appellants.*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 3:21-cv-356, Hon. Jeffrey V. Brown presiding

## REPLY IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION FOR ORDER CLARIFYING EFFECT OF SUPREME COURT'S VACATUR OF THIS COURT'S JUDGMENT

R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY PLLC
801 17th Street NW., Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com
*Counsel for Plaintiffs-Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT .......................................................................................................... 1

    I.    This Court Has Authority to Issue a Clarifying Order ............... 1

    II.   The Ordinary *Munsingwear* Vacatur Applies Only to the Circuit Court's Judgment, Not Its Opinion ............................... 2

        A.   *Munsingwear* Itself Makes Clear That Only the Judgment Is Affected by Vacatur ........................................................ 3

        B.   The Supreme Court's Opinion in *Camreta* Confirms a *Munsingwear* Order Does Not Strip the Circuit Court Opinion of Its Precedential Value ........................................ 4

        C.   Numerous Other Supreme Court Opinions Support Plaintiffs-Appellees' Position ............................................... 8

        D.   This Court's Opinions Also Support Plaintiffs-Appellees' Position ................................................................................. 9

    III.  A Clarification Order Would Be Immensely Beneficial to Judicial Administration ........................................................... 13

CONCLUSION .................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acheson Hotels, LLC v. Laufer,*
　2023 WL 8378965 (U.S. Dec. 5, 2023) .................................................. 8

*Bennett v. West Texas State University,*
　799 F.2d 155 (5th Cir. 1986) ....................................................... 9, 10, 11

*Boyd v. Puckett,* 905 F.2d 895 (5th Cir. 1990) ........................................ 11

*Camreta v. Greene,* 563 U.S. 692 (2011) ............................... 2, 4, 5, 6, 8, 9

*FTC v. Food Town Stores, Inc.,* 547 F.2d 247 (4th Cir. 1977) .................. 7

*Gahagan v. USCIS,* 911 F.3d 298 (5th Cir. 2018) .................................. 10

*Hand v. Desantis,* 946 F.3d 1272 (11th Cir. 2020) ................................... 6

*Innovation L. Lab v. Mayorkas,* 5 F.4th 1099 (9th Cir. 2021) ................ 12

*Jackson Womens' Health Org. v. Currier,*
　940 F. Supp. 2d 416 (S.D. Miss. 2013) ............................................... 13

*Jones v. Michaels Stores, Inc.,* 991 F.3d 614 (5th Cir. 2021) .................. 10

*Los Angeles County v. Davis,* 440 U.S. 625 (1979) ............................ 6, 11

*Mata v. Lynch,* 576 U.S. 143 (2015) ......................................................... 9

*Moody v. Albemarle Paper Co.,* 417 U.S. 622 (1974) .............................. 9

*O'Connor v. Donaldson,* 422 U.S. 563 (1975) ..................................... 6, 11

*Retail Store Emps. Union, Loc. 1001, Retail Clerks Int'l*
　*Ass'n, AFL-CIO v. NLRB,*
　1978 WL 4933 (D.C. Cir. Dec. 5, 1978) ............................................... 3

*Ridley v. McCall,* 496 F.2d 213 (5th Cir. 1974) ........................... 9, 10, 11

*Spell v. Edwards*, 579 F. Supp. 3d 806 (M.D. La. 2022) ........................ 13

*U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*,
  513 U.S. 18 (1994) ................................................................ 1, 2, 8, 13

*U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666 (5th Cir. 2023) ................ 7

*United States v. Kirk*, 528 F.2d 1057 (5th Cir. 1976) ............................ 11

*United States v. Lee*, 358 F.3d 315 (5th Cir. 2004) ................................. 2

*United States v. Lewis*, 475 F.2d 571 (5th Cir. 1972) ............................ 11

*United States v. Munsingwear, Inc.*,
  340 U.S. 36 (1950) ............................... 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13

**Statutes**

28 U.S.C. § 2106 ................................................................................ 1, 13

**Other Authorities**

Bryan Garner *et al.*, *The Law of Judicial Precedent* (2016) ..................... 3

Wright & Miller, 13C *Fed. Prac. & Proc. Juris.* (3d ed. Apr.
  2023 update) ........................................................................... 1, 3, 13

# ARGUMENT

## I. This Court Has Authority to Issue a Clarifying Order.

The government suggests this Court lacks the power to grant Plaintiffs-Appellees' motion to clarify because the appeal is now moot. Opp. 1. That is wrong. The Supreme Court has held in the *Munsingwear* context that "[i]f a judgment has become moot while awaiting review," a court may still issue orders addressing "matters of judicial administration and practice." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21–22 (1994); *see* 28 U.S.C. § 2106 (court may "direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances"); Wright & Miller, 13C *Fed. Prac. & Proc. Juris.* § 3533.10 (3d ed. Apr. 2023 update) ("The *stare decisis* effect of decisions rendered before mootness likewise must be settled.").

The government also contends that the "mandate rule" prohibits this Court from doing anything beyond ordering the District Court to vacate its preliminary injunction order. Opp. 10. Again, that is incorrect. The mandate rule "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly

decided by the appellate court." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). In other words, this Court cannot countermand the Supreme Court's order.

If anything, the mandate rule supports Plaintiffs-Appellees' view that this Court should not vacate its prior *en banc* opinion or deprive it of its *stare decisis* effect, as the Supreme Court did not "dictate[]" that this Court do so. That absence is especially telling because, as explained below, the Supreme Court has indicated that the "ordinary" *Munsingwear* order does not automatically deprive the circuit court *opinion* of precedential effect, and thus the Supreme Court must expressly vacate the opinion if it wishes to achieve that effect. *See Camreta v. Greene*, 563 U.S. 692, 714 & n.11 (2011); Part II.A, *infra*.

In short, nothing prohibits this Court from explaining the precedential status of its prior opinion, given the Supreme Court's silence on the matter here. *See Bancorp*, 513 U.S. at 21–22.

## II. The Ordinary *Munsingwear* Vacatur Applies Only to the Circuit Court's Judgment, Not Its Opinion.

The government seeks to turn *Munsingwear* into a freewheeling writ of erasure for circuit court opinions. That view is contradicted not

2

only by *Munsingwear* itself but also by the Supreme Court's and this Court's post-*Munsingwear* precedents.

### A. *Munsingwear* Itself Makes Clear That Only the Judgment Is Affected by Vacatur.

In *Munsingwear*, the Court explained that "the rights of all parties are preserved" simply by "revers[ing] or vacat[ing] the judgment below and remand[ing] with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950). That procedure will "clear[] the path for future relitigation of the issues between the parties." *Id.*

Nothing more is required, given the distinction between judgments (which bind the parties) and opinions (which bind only certain courts and even then can be overruled)—a distinction the government does not appear to dispute. *See also* Motion 9–10; Bryan Garner *et al.*, *The Law of Judicial Precedent* 77 (2016) (a court's "'opinion forms no part of the judgment'"); *Retail Store Emps. Union, Loc. 1001, Retail Clerks Int'l Ass'n, AFL-CIO v. NLRB*, 1978 WL 4933, at *7–9 (D.C. Cir. Dec. 5, 1978) (Robinson, J., dissenting); Wright & Miller, 13C *Fed. Prac. & Proc. Juris.* § 3533.10.3 ("Denial of an otherwise available opportunity to seek appellate review warrants a denial of preclusion, but that is because

3

preclusion forecloses further inquiry. Precedential value, on the other hand, need not have such stern consequences.").

Thus, *Munsingwear*—the only case the Supreme Court cited in its order here—focuses exclusively on vacating the judgment and says nothing about removing the precedential effect of the lower court's opinion.

> **B. The Supreme Court's Opinion in *Camreta* Confirms a *Munsingwear* Order Does Not Strip the Circuit Court Opinion of Its Precedential Value.**

The government faults Plaintiffs-Appellees for relying on older opinions about the effects of a *Munsingwear* vacatur, *see* Opp. 12–13, but recent opinions, including from the Supreme Court, also support Plaintiffs-Appellees' position.

For example, a 2011 Supreme Court opinion confirms that a *Munsingwear* order does not inherently vacate the underlying circuit court opinion. In *Camreta v. Greene*, 563 U.S. 692 (2011), the appeal was mooted, and the Supreme Court held that in the "unique" context of the qualified-immunity determinations at issue there, the Court would "vacate the part of the Ninth Circuit's opinion that addressed [the Fourth Amendment] issue," *id.* at 714 & n.11.

4

Most importantly, the Court expressly held that this was a "unique disposition" under *Munsingwear* because it went beyond "vacating the lower court's judgment" and extended to vacating part of the lower court's *opinion. Id.* at 714 n.11. The Court announced that this disposition "signals no endorsement of deviations from the usual *Munsingwear* order." *Id.* The "usual *Munsingwear* order"—of the type the Supreme Court issued here—requires only "vacating the lower court's judgment and remanding the case with instructions to dismiss the relevant claim," while saying nothing about the circuit opinion below. *Id.*

If *Munsingwear* automatically rendered the lower court's opinion nonprecedential, there would have been no point in *Camreta*'s discussion about taking the "unique" step of vacating part of the lower court's opinion. "None of that analysis would have made sense had the Court subscribed to the [government's] view that the vacatur of a judgment [necessarily] disturb[s] the precedential force of the supporting opinion." Opp. 4. By choosing not to take the *Camreta* route here (perhaps because

5

the government never asked for it), the Supreme Court didn't address this Court's *en banc* opinion.[1]

For the same reasons, *Camreta* confirms the government overreads the passing dicta in older cases like *O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975), and *Los Angeles County v. Davis*, 440 U.S. 625, 634 n.6 (1979), as alleged support for depriving a lower-court opinion of its precedential effect whenever a case is deemed moot on appeal. *Camreta* makes clear that is not the case.

The government's reliance on the dicta in *O'Connor* and *Davis* is misplaced for the independent reason that those cases did not arise in the posture of a preliminary-stay ruling. Motion 14–15. That distinction matters because "*Munsingwear* does not address what a circuit court must do with its own prior stay order when a case has become moot," *Hand v. Desantis*, 946 F.3d 1272, 1275 n.5 (11th Cir. 2020), as there is certainly no *res judicata* effect from the accompanying circuit court

---

[1] The government suggests Plaintiffs-Appellees have "changed their minds" by arguing that this Court's opinion is not precedential, Opp. 2, but the government itself is the party that failed to ask the Supreme Court to vacate this Court's opinion even though it could have done so, and the Supreme Court subsequently didn't grant that unrequested relief.

*opinion* on a preliminary injunction, *see FTC v. Food Town Stores, Inc.*, 547 F.2d 247, 249 (4th Cir. 1977). This Court's precedent agrees with this distinction. *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) ("'[V]acatur of a prior stay-panel opinion once a case becomes moot on appeal is inappropriate' under *Munsingwear* 'because that stay-panel opinion cannot spawn binding legal consequences regarding the merits of the case.'").

Contrary to the government's view, the distinction for preliminary-stay rulings is not an attempt to relitigate whether *Munsingwear* applies in the first instance. Opp. 8–9. Rather, it demonstrates that even when *Munsingwear* does apply, it does not inherently vacate a circuit court's opinion. The government ultimately seems to acknowledge that whether to vacate a "stay opinion" will turn on "the equities … in a given case." *Id.* at 8. Plaintiffs-Appellees contend the equities in this case do not warrant this Court depriving its prior *en banc* opinion of precedential effect, given that it addressed only a preliminary stay and given that the Supreme Court was silent on the matter.

### C. Numerous Other Supreme Court Opinions Support Plaintiffs-Appellees' Position.

The government next invokes language in *Bancorp* about the value of opinions, Opp. 3–4, but that discussion supports Plaintiffs-Appellees. The Court noted that "[j]udicial precedents are … valuable to the legal community as a whole," *Bancorp*, 513 U.S. at 26, separating them as a conceptual matter from the judgments that bind the parties (but not "the legal community"). The majority opinion in *Bancorp* never once speaks about vacating *opinions* but instead, like *Munsingwear*, focuses on vacating *judgments*, referring to that form of relief a total of twenty times.

The government also extensively cites the concurring opinion in *Acheson Hotels, LLC v. Laufer*, 2023 WL 8378965, at *2 (U.S. Dec. 5, 2023) (Jackson, J., concurring in judgment), and argues the majority opinion "presumably" agreed with the concurrence's framing of *Munsingwear*, Opp. 4. But the majority opinion expressly "decline[d]" to follow the concurring opinion's views. *Acheson*, 2023 WL 8378965, at *2. Moreover, the majority opinion's one passing remark about *Munsingwear* was that the Court's "*Munsingwear* practice is well settled." *Id*. *Camreta* had already made clear that the "well-settled practice" to which *Acheson*

8

alludes is to vacate the judgment, and it is only in the "unique" *Munsingwear* scenario that the Court vacates a circuit court's opinion. 563 U.S. at 714 n.11.

Buttressing Plaintiffs-Appellees' view is the Supreme Court's longstanding recognition that the circuit courts "are largely free to devise whatever procedures they choose" when it comes to deciding whether to overrule or adhere to their own prior opinions because it "is essentially a policy decision of judicial administration." *Moody v. Albemarle Paper Co.*, 417 U.S. 622, 626, 627 (1974); *cf. Mata v. Lynch*, 576 U.S. 143, 150 n.3 (2015) (suggesting the determination of circuit court precedent is made "according to the Circuit" itself).

Absent express overruling by the Supreme Court, the *stare decisis* effect that this Court chooses to give its own opinions is a matter reserved to this Court, not an issue implicitly decided by a *Munsingwear* order. If the Supreme Court wants to deprive a circuit court's opinion of its precedential value after mootness, it certainly knows how to do so.

### D. This Court's Opinions Also Support Plaintiffs-Appellees' Position.

The government next invokes this Court's opinions in *Ridley v. McCall*, 496 F.2d 213, 214 (5th Cir. 1974), and *Bennett v. West Texas*

9

*State University*, 799 F.2d 155, 159 n.3 (5th Cir. 1986), and claims *Ridley* provides the "most thorough discussion" of why an opinion loses its precedential value upon vacatur of the judgment. Opp. 5–6. But *Ridley* simply stated that a particular prior opinion "has no precedential value" after the judgment was vacated. 496 F.2d at 214. There is no further "discussion" at all. The rationale in *West Texas* is just as sparse. 799 F.2d at 159 n.3

Plaintiffs-Appellees addressed those cases in their opening brief, Motion 15, explaining they are difficult to square with this Court's prior-panel rule, which states that a prior opinion of this Court remains binding unless the Supreme Court "unequivocally overrule[s]" it. *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018); *Jones v. Michaels Stores, Inc.*, 991 F.3d 614, 616 (5th Cir. 2021). The Supreme Court's order in this case says nothing about the merits, let alone "unequivocally overrules" this Court's rationale. The government's only response is to insist that a *Munsingwear* vacatur means "this Court's precedent should no longer be binding," Opp. 8, but that just begs the question (and is also

wrong for all the reasons above). Because there has been no unequivocal overruling, this Court's *en banc* opinion in this case remains binding.[2]

To the extent the passing statements by this Court in *Ridley* and *West Texas* conflict with this Court's prior-panel rule, it is the prior-panel rule that must prevail because it pre-dates *Ridley* and *West Texas*. *See, e.g., United States v. Lewis*, 475 F.2d 571, 574 (5th Cir. 1972) (recognizing the prior-panel rule years before *Ridley* and *West Texas* were issued); *see also Boyd v. Puckett*, 905 F.2d 895, 897 (5th Cir. 1990) ("[W]here holdings in two of our opinions are in conflict, the earlier opinion controls and constitutes the binding precedent in the circuit.").

Plaintiffs-Appellees also demonstrated that *Ridley* and *West Texas* are difficult to square with this Court's adherence to opinions where the judgment has been vacated on other grounds. Motion 15; *see United States v. Kirk*, 528 F.2d 1057, 1063–64 (5th Cir. 1976) (holding a prior panel opinion that had been vacated on other grounds "is still binding on this panel"). The government claims that scenario is different because "it is possible to discern from the Supreme Court's reasoning the parts of the

---

[2] Also, like *O'Connor* and *Davis*, the opinions in *Ridley* and *West Texas* did not address preliminary-stay rulings, and they are distinguishable on that basis. *See* Part II.A, *supra*.

11

court of appeals' opinion that the Supreme Court saw fit to disturb," Opp. 7, so the undisturbed portions remain binding. But that reasoning supports Plaintiffs-Appellees. The Supreme Court saw fit not "to disturb" *any* part of this Court's *en banc* opinion. Because the judgment was vacated on grounds unrelated to the merits, the entirety (not just a portion) of the *en banc* opinion remains binding even under the government's logic.

In response to this Court's recent *Munsingwear* practice, Motion 16, the government agrees that the post-remand orders issued by this Court "did not expressly address the effect of the Supreme Court's *Munsingwear* vacatur orders on the precedential status of this Court's opinions," Opp. 9. The government argues it was "unnecessary" to do so, *id.*, but that simply repeats the government's incorrect arguments (addressed above at length) about the inherent effects of an ordinary *Munsingwear* vacatur. The noteworthy aspect of this Court's recent post-*Munsingwear* orders is that they did not vacate the prior panel opinions, even though some circuits do so. *See, e.g.*, *Innovation L. Lab v. Mayorkas*, 5 F.4th 1099, 1100 (9th Cir. 2021). The government has no response to

that aspect of this Court's post-*Munsingwear* practice, which supports the view that the prior opinions remain precedential.

### III. A Clarification Order Would Be Immensely Beneficial to Judicial Administration.

The lower courts in this Circuit are also in tension regarding the precedential value of opinions of this Court where the accompanying judgment has been vacated. *Compare, e.g.*, *Spell v. Edwards*, 579 F. Supp. 3d 806, 824 (M.D. La. 2022) (referring to an opinion as "Fifth Circuit precedent" even after it had been subject to a *Munsingwear* order by the Supreme Court), *with Jackson Womens' Health Org. v. Currier*, 940 F. Supp. 2d 416, 422 (S.D. Miss. 2013) (concluding a Fifth Circuit opinion "lacks precedential value" where the judgment was "vacated on other grounds").

As explained above, the Supreme Court has made clear that this Court can issue an order clarifying the effect of its opinion even after the appeal has become moot, without that clarification being labeled an advisory opinion. *Bancorp*, 513 U.S. at 21–22; *see* 28 U.S.C. § 2106. This Court should do so here because the "*stare decisis* effect of decisions rendered before mootness … *must be settled.*" Wright & Miller, 13C *Fed. Prac. & Proc. Juris.* § 3533.10 (emphasis added).

## CONCLUSION

The Court should grant Plaintiffs-Appellees' motion. They stand ready to present oral argument on this matter, in the event the Court would find it useful. The government notes that it similarly "would of course be pleased to present oral argument if it would assist the Court." Opp. 14.

December 22, 2023                           Respectfully submitted,

/s/ R. Trent McCotter
R. Trent McCotter
  *Counsel of Record*
Jonathan Berry
Michael Buschbacher
Jared M. Kelson
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
tmccotter@boydengray.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

    I hereby certify that this brief complies with the type-volume limitations of Fifth Circuit Rule 27.4 and Federal Rule of Appellate Procedure 27(d)(2) because it contains 2570 words, excluding the portions exempted by Rule 27(a)(2)(B). This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure Rule 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

<u>/s/ R. Trent McCotter</u>

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

<u>/s/ R. Trent McCotter</u>